Benjamin C. Deming (CA Bar 233687)
DNL ZITO
3232 McKinney Ave, Suite 500
Dallas, Texas 75204
(214) 799-1145
bdeming@dnlzito.com

*Attorneys for Plaintiff*
*Jamil Asafi as Trustee for 301 Patent Trust*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| **JAMIL ASAFI AS TRUSTEE OF 301 PATENT TRUST**<br><br>Plaintiff,<br><br>vs.<br><br>**WESTERN DIGITAL TECHNOLOGIES, INC.**<br><br>Defendant. | Case No.: 8:25-cv-2728<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jamil Asafi as Trustee of 301 Patent Trust, a Texas trust, by the undersigned counsel, alleges as follows for its Complaint against Defendant Western Digital Technologies, Inc., (Western Digital) alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Jamil Asafi as Trustee of 301 Patent Trust brings this civil action for patent infringement against Western Digital under the patent laws of the United States of America, 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent 7,324,301.  **Exhibit A**.301

## THE PARTIES

2. Plaintiff, 301 Trust, is a Texas trust, with a principle location at 17419 Memorial Blossom Dr., Spring, TX 77379.

3. On information and belief, Defendant Western Digital Technologies is a Delaware corporation with a regular and established place of business at 3355 Michelson Dr., Suite 100, Irvine, California 92612.

4. Western Digital designs, manufactures, and sells throughout the World, a wide range of hard drive products that incorporate the 301patented multi-actuator technologies.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 United States Code §101 et seq.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 35 U.S.C. § 271 et seq.

7. The Court has personal jurisdiction over the Defendant because Defendant is headquartered in this District and has regular and established places of business in this District.

8. Venue is proper in this Court under 28 U.S.C. § 1400(b) because Defendant has at least one regular and established place of business within this District.

## BACKGROUND AND GENERAL ALLEGATIONS

9. Walter A. Tormasi filed a nonprovisional patent application for his invention on January 10, 2005 which was assigned application number 11/031,878 by the patent office. The '878 patent claimed priority to Mr. Tormasi's previously filed provisional application, No. 60/568,346, which was filed on May 3, 2004.

10. On February 7th, 2005, Mr. Tormasi assigned all of his rights, title, and interest in the pending patent application that would issue as the '301 Patent to Advanced Data Solutions Corp.

11. On January 29, 2008, The '878 application was granted and duly and legally issued by the United States Patent and Trademark Office ("USPTO") as U.S. Patent No. 7,324,301. The '301 Patent claims patent-eligible subject matter and is

valid and enforceable. All rights, title and interest in the '301 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past damages for infringement of the '301 Patent were assigned by 301 Patent Corp. (formerly known as Advanced Data Solutions Corp.) to Jamil Asafi as Trustee for 301 Patent Trust.

12.   Plaintiff Jamil Asafi as Trustee for 301 Patent Trust, is the owner, by assignment, of all rights, title, and interest in and to the '301 Patent, entitled "Striping Data Simultaneously Across Multiple Platter Surfaces." Plaintiff Jamil Asafi as Trustee for 301 Patent Trust has the exclusive right to sue and recover damages for all past infringement of the '301 Patent.

13.   The '301 Patent discloses and claims, among other things, hard-disk-drive ("HDD") architectures that use multiple, independently controlled, actuator arms and associated read/write control circuitry for simultaneously reading and writing across multiple surfaces to increase throughput and performance.

14.   Western Digital has directly infringed the '301 Patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing in the United States, including in this District, HDD products that implement the patented multi-arm, simultaneous, independent read/write apparatus claimed in the '301 Patent. Western Digital products which embody the invention claimed in the '301 Patent (the "Accused Products"), include, by way of example and without limitation, Western Digital's Ultrastar DC HS760 20TB dual-actuator HDD and other Ultrastar- and WD-branded HDDs that incorporate dual-actuator technologies.

15.   The identification of Western Digital's Accused Products is based on information currently available to Plaintiff. Plaintiff reserves the right to amend and supplement its identification of Accused Products.

16. Defendant Western Digital is not licensed to the '301 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '301 Patent whatsoever.

17. Plaintiff seeks monetary damages adequate to compensate for Western Digital's infringement of the '301 Patent, pre- and post-judgment interest, costs, attorneys' fees, and such other relief as the Court deems just and proper.

18. The '301 Patent-in-Suit is presumed valid under 35 U.S.C. §282. Patent owner has at all times complied with 35 U.S.C. 287.

## THE PATENT

19. The '301 Patent includes seventy seven apparatus, mechanism and holder Claims, including four independent claims: 1, 2, 41, and 71; and seventy-three dependent claims.

20. Claim 2 of the '301 Patent recites:

> 2. An information storage and retrieval apparatus, said apparatus comprising:
>
> at least one circular substrate, said substrate or substrates aggregating at least two carrier surfaces capable of storing data whereupon data may be read from or written to by corresponding read/write members;
>
> an actuator mechanism with at least two arms, each of said arms assigned to different carrier surfaces;
>
> means for moving said arms simultaneously and independently across corresponding carrier surfaces with a component of movement in a radial direction with respect to the circular substrate or substrates defining the carrier surfaces;
>
> and a logic holder, said holder comprising electronic architecture for electronically controlling said information storage and retrieval apparatus, wherein in its operative mode, said information storage and retrieval apparatus executes means for permitting alternate or interleaving bits or blocks of data to be read or written simultaneously and independently across a plurality of carrier surfaces.

21. Defendant, without authority, makes, has made, uses, sells, offered for sale, imports, provides, and/or has provided hard disk drives, including the Ultrastar line of hard drives, which includes the Ultrastar DC HS760 series and the DC HC550

series, among a number of drives having dual-arm systems allowing for the independent and simultaneous reading and writing of data across multiple carrier surfaces as claimed in the '301 patent.

22. Western Digital makes, uses, sells, offers to sell, imports, or otherwise distributes and supports the Accused Products in the United States.

23. Based upon information and belief available to Plaintiff, infringing products include Western Digital enterprise hard disk drives incorporating dual-actuator and/or triple-stage-actuator architectures sold under the Ultrastar brand name, including at least the Ultrastar DC HS760 20TB dual-actuator SAS drive (the "Ultrastar DC HS760") and other Ultrastar DC HS- and HC-series drives that employ dual-actuator and triple-stage-actuator technology (the "Accused Products"). This list of Accused Products is non-limiting and based on information currently available to Plaintiff. Plaintiff reserves the right to modify the list of Accused Products, including as new products and older products as information becomes available through discovery or otherwise during the pendency of this case.

24. Defendant has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the '301 patent, by making, using, distributing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

25. Plaintiff has conducted a detailed analysis, establishing and confirming that Defendant's Accused Products directly infringe claims of the '301 Patent.

26. Attached as **Exhibit B** to the Complaint is a claim chart demonstrating the correspondence of the operation of the accused products with elements of an exemplary, non-representative, claim of the '301 patent.

27. The accused products satisfy the elements of the asserted claims, shown below is an example of infringing features from a WD DC HS760 Dual Actuator Drive compared to Claim 2 of the '301 Patent:

An information and storage retrieval apparatus, said apparatus comprising:



at least one circular substrate, said substrate or substrates [disks] aggregating at least two carrier surfaces capable of storing data whereupon data may be read from or written to by corresponding read/write members; [read/write heads]

an actuator mechanism with at least two arms,

each of said arms assigned to different carrier surfaces;
[Arm 1 assigned to top set of disks and Arm 2 assigned to lower set]

means for moving said arms simultaneously and independently across corresponding carrier surfaces with a component of movement in a radial direction with respect to the circular substrate or substrates defining the carrier surfaces; [Drive Motors]

and a logic holder, said holder comprising electronic architecture for electronically controlling said information storage and retrieval apparatus, wherein in its operative mode, said information storage and retrieval apparatus executes means for permitting alternate or interleaving bits or blocks of data to be read or written simultaneously and independently across a plurality of carrier surfaces. [Hard Drive controller and interface]

28.    Defendant has infringed at least claim 1-77 of the '301 Patent, under 35 U.S.C. § 271(a) by making, using, distributing, offering to sell, selling and/or importing into the United States, apparatus, mechanisms and holders that infringe the asserted claims.

29.    By engaging in accused activity including making, using, distributing, offering to sell, selling and importing accused products in the United States, Defendant has infringed claims of the '301 Patent.

30.    Upon information and belief, Defendant has directly infringed one or more of the claims of the '301 Patent under 35 USC 271(a):

"(a) except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells and patented

invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent"

By engaging in accused activity including making, using, distributing, offering to sell, selling, importing and/or practicing the methods of the accused products in the United States, Defendant has infringed claims of the '301 Patent.

31. Defendant has been willfully infringing the '301 Patent since at least as early as they became aware of the '301 Patent, which was at least as early as February 12, 2019, when Defendant was sued in *Tormasi v. Western Digital*, Case No. 19-772-HSG, in the United Stated District Court for the Northern District of California. Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations and have refused to cease selling products. Defendant continued to infringe claims of the '301 Patent despite having knowledge of the '301 Patent.

32. Defendant does not have a license or authority to use or practice the '301 Patent.

33. As a result of Defendant's infringement of the '301 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,324,301

34. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

35. Defendant Western Digital has infringed, directly infringed, literally and under the doctrine of equivalence, at least claims 1- 77 of the '301 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

36. Defendant does not have license or authority to the '301 Patent.

37. As a result of Western Digital's infringement of the '301 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following relief:

a. For a judgment declaring that Western Digital has infringed the '301 Patent;

b. For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '301 Patent in an amount to be determined at trial;

c. For a judgment declaring that Defendant's infringement was willful and for enhancement of damages in accordance with 35 U.S.C. 284;

d. For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

e. For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C.§284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid.

f. For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. §284; and

g. For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

| | |
|---|---|
| December 9, 2025 | Respectfully submitted,<br><br> /s/ Benjamin C. Deming<br>Benjamin C. Deming (Cal Bar 233687)<br>DNL ZITO<br>3232 McKinney Avenue, #500<br>Dallas, Texas 75204<br>214-799-1145<br>bdeming@dnlzito.com<br><br>Joseph J. Zito (pro hac vice expected)<br>DNL ZITO<br>1250 Connecticut Avenue, NW<br>Suite 700<br>Washington, DC 20036<br>202-466-3500<br>jzito@dnlzito.com<br><br>*Attorneys for Jamil Asafi as Trustee for 301 Patent Trust* |